*Mr. Aaron A. Ferris* and *Mr. Thomas H. Morrow,* for plaintiff in error.

*Messrs. Littleford, James, Ballard & Frost,* for defendant in error.

---

BEARD ET AL., TRUSTEES, *v.* BEATTY.

*Adverse possession—Title to unopened street or alley—Section 11220, General Code—Applies only to municipal streets and alleys.*

The provision of Section 11220, General Code, permitting title to an unopened street or alley to ripen through adverse possession for more than twenty-one years, applies only to streets and alleys located within municipalities, and can not be enforced against the state or any of its subdivisions other than municipalities.

(Decided July 28, 1914.)

APPEAL: Court of Appeals for Butler county.

JONES, OLIVER B., J.; SWING and JONES, E. H., JJ., concurring.

This is an action brought by plaintiffs, J. H. Beard and others, as trustees of Lemon township, Butler county, Ohio, alleging that as such trustees they have charge of all public highways within their township that are not county roads, and that as

such all highways in unincorporated villages and hamlets are public highways under their control. They seek to enjoin the defendant, Elizabeth Beatty, from obstructing an alley adjoining her premises on the south and west, claiming that she has maintained an obstruction thereon in the way of a stable, barn and other buildings.

The defendant admits that plaintiffs have charge of such highways, but denies that there is or ever has been an alley in the rear of her premises as alleged in the petition, or that it was ever laid out or dedicated to public use, and alleges that the land in question has been enclosed by a fence, with building thereon, and held by defendant and her grantors in open, notorious and continuous, adverse possession for more than twenty-one years last past, by reason whereof plaintiffs, if they ever had any rights therein, are now precluded from the use of same for alley purposes.

The lots owned by defendant were originally known as lots Nos. 1 and 2, and subsequently as lots Nos. 52 and 53 of the Paper Mill Addition to Amanda, Ohio. The proof shows that this subdivision was regularly laid out and a plat of the same adopted and acknowledged by Charles F. Gunckel, trustee, on March 25, 1890, and by him recorded on January 5, 1891. This subdivision was made of land lying adjoining to the incorporated village of Amanda, but is itself outside of the corporate lines and is not within a municipal corporation. The plat shows an alley connecting with an alley previously laid out within the corporation and running westward south of the west end of said lot No. 1 a distance of 76 feet and then west to the

railroad line, which was the west line of the subdivision; then the alley is shown irregular in width west of the west end of lot No. 1 bounded by the west line of that lot, which is at right angles to the south line, and which is 34 feet long; and bounded on the west by the east line of the railroad. From the north line of lot No. 1 it follows the railroad a uniform width along the west line of the subdivision.

The evidence shows without question that this alley was regularly dedicated and became a public alley and the title thereto was vested in fee in the county under the terms of Section 8 of the act of March 3, 1831 (29 O. L., 350), afterward found in Section 2604, Revised Statutes, and Section 1536-69, Bates' Revised Statutes, and now in Section 3589, General Code.

Defendant, however, claims to have acquired title by prescription, by virtue of the terms of Section 11220, General Code, and has submitted evidence tending to show that this alley was enclosed along with the lots in such a manner as to exclude the public for more than twenty-one years and to come directly within the terms of the statute above mentioned.

A careful consideration of the evidence submitted fails to convince the court that she and her predecessors have had such possession for the full period of twenty-one years prior to February 13, the date on which the petition was filed. On the contrary, a number of her witnesses testified distinctly, in answer to leading questions, that the lots were enclosed with fences, and, whether they so intended it or not, their testimony, construed literally,

would exclude any part of the alley from the enclosure. There is no question but that there was an old fence on the south and west lines, which constituted part of the enclosure of the land subdivided, previously known as "Dickey's Woods." These old fences, however, would not exclude the public from the alley, and the testimony as to when the other fences were built is not clear and convincing, but on the contrary seems to indicate that they were not built until some time after the ownership of Susan Nichol, and probably shortly before she conveyed to J. M. Williamson by deed dated August 30, 1893. It is clear, under the evidence, that the barn which is complained of and which constitutes the principal obstruction was not placed upon this lot earlier than September, 1893, that being the time when Mr. Williamson took possession of the property, the barn having been moved there by him after he had taken possession; so that this obstruction occurred within the period of twenty-one years.

It is well settled in Ohio that the owner of abutting property can acquire no right in a public highway by encroachment or occupation thereof, however long continued, where such encroachment or occupation is of a temporary character like the erection of fences or walls and the planting of shrubbery and trees, and where it is upon that part of a street or highway not required at that time for public use. *Lane* v. *Kennedy et al.,* 13 Ohio St., 42; *McClelland* v. *Miller,* 28 Ohio St., 488; *The Little Miami Rd. Co.* v. *Comrs. of Greene County,* 31 Ohio St., 338; *Lawrence Rd. Co.* v. *Comrs. of*

*Mahoning County,* 35 Ohio St., 1; *L. S. & M. S. Ry. Co.* v. *City of Elyria,* 69 Ohio St., 414.

This question has been quite thoroughly examined and the decisions of this state considered and reviewed in *Heddleston, Supervisor,* v. *Hendricks,* 52 Ohio St., 460, the third syllabus of which reads:

"The right of an adjacent landowner to inclose by a fence, however constructed, a portion of a public highway, can not be acquired by adverse possession, however long continued."

And Judge Minshall, in the opinion of the court, at page 465, says:

"The general rule is that the statute of limitations does not apply as a bar to the rights of the public, unless expressly named in the statute; for the reason that the same active vigilance can not be expected of it, as is known to characterize that of a private person, always jealous of his rights and prompt to repel any invasion of them."

The case of *Winslow* v. *City of Cincinnati,* 6 N. P., 47, which is a decision of the superior court of Cincinnati in general term, contains a good discussion of the law in regard to adverse possession of a public highway by fencing.

In our opinion the evidence does not bring the claim of the defendant within the terms of Section 11220, General Code, but this section, however, applies only to streets or alleys within a municipality. We know of no case in Ohio where the statute of limitations has been enforced against the state or any of its subdivisions other than a municipality.

A decree will be entered granting the prayer of the petition and requiring the defendant to remove

the obstructions maintained by her upon the alley
in question.

*Decree for plaintiffs.*

*Mr. B. F. Harwitz,* for plaintiffs.

*Messrs. Woodruff & Schelhorn,* for defendant.